IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | | |
|---|---|---|
| WANDA KEENER, on behalf of herself and others similarly situated, | § § § | CIVIL ACTION NO. _____ |
| *Plaintiff*, | § § | |
| | § | JURY TRIAL DEMANDED |
| v. | § § | |
| CENTURION LLC d/b/a CENTURION MANAGED CARE OF ARIZONA, LLC | § § § | COLLECTIVE ACTION |
| | § § | |
| *Defendant.* | § | |

## **COLLECTIVE ACTION COMPLAINT**

### I.     SUMMARY

1.     Centurion LLC d/b/a Centurion Managed Care of Arizona, LLC ("Centurion" and/or "Defendant"), is a company that provides medical and mental health care services to correctional facilities, state hospitals, courts, juvenile facilities, and community clinics and is violating the Fair Labor Standards Act ("FLSA") by forcing its employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendant is legally obligated to pay.

2.     Plaintiff Wanda Keener ("Plaintiff") worked for Defendant as a medication nurse in Goodyear, Arizona and was damaged by Defendant's illegal policies and practices. Defendant denied Plaintiff the compensation she was due under the FLSA. Plaintiff brings this lawsuit on behalf of herself and all other similarly situated current or former, hourly-paid medication nurses to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to her individually and on behalf of other similarly situated individuals.

## II.     JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the District of Arizona. 28 U.S.C. § 1391(b)(2).

## III.     THE PARTIES

5. Plaintiff worked for Defendant as a mediations nurse administering medications, treatments, and vaccines to incarcerated populations. She regularly worked over 40 hours per week without receiving all the compensation she was due under the FLSA. Attached as Exhibit A is Plaintiff Keener's Consent.

6. The class of similarly situated employees consists of all current and former hourly-paid mediations nurses who were employed by Defendant during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Centurion, LLC doing business as Centurion Managed Care of Arizona, LLC, is a Domestic For-Profit Limited Liability Company with a principal place of business at 1850 W. Rio Salado Parkway, Suite 209, Tempe, Arizona 85821, that is engaged in commerce in the United States and is otherwise subject to the FLSA. Defendant employed Plaintiff within the meaning of the FLSA. Defendant may be served with process by serving its registered agent, CT Corporation System at 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012.

## IV.     BACKGROUND

8. The preceding paragraphs are incorporated by reference.

9. Defendant provides medical and mental health care services to correctional facilities, state hospitals, courts, juvenile facilities, and community clinics. Defendant has over 300 locations and operates in 18 different states, including Arizona. Upon information and belief, Defendant employs other medication nurses similarly situated to Plaintiff to provide medical services and treatment at these facilities.

10. Defendant's medication nurses provide medical and mental health care services to incarcerated populations, including but not limited to, intake/processing of patients, administering medications, treatments, and vaccinations, as well as assisting during Incident Command Situation ("ICS"). In particular, when ICS's arose, medical staff and medication nurses were mandated to remain on site until the situation was resolved or contained. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per work week. However, Defendant did not pay its medication nurses one and one-half times their regular rate for all hours in excess of 40 each week. Instead, Defendant paid its medication nurses less than one and a half times their regular rate for all hours worked over 40 per week. As a result, Defendant failed to properly compensate their employees under the FLSA.

11. On or around September 7, 2021, the Department of Labor ("DOL"), Wage and Hour Division, conducted an investigation of Defendant and found that the company failed to pay proper overtime compensation. Additionally, the DOL's investigation indicated that Plaintiff was entitled to unpaid wages.

V. **PLAINTIFF'S INDIVIDUAL ALLEGATIONS**

A. *Defendant Failed to Properly Pay Regular and Overtime Compensation.*

12. The preceding paragraphs are incorporated by reference.

13. Plaintiff worked for Defendant as a medication nurse where she provided medical and mental health care services at various correctional facilities. As medication nurse she provided medical services to incarcerated populations, including but not limited to, intake/processing of patients, administering medications, treatments, and vaccinations, as well as assisting during ICS's. When an ICS arose, Plaintiff was required to remain on site, regardless of the number of hours, until the situation was resolved or contained. During her employment, Plaintiff frequently work four days during a workweek. In a workweek, Plaintiff often worked approximately 45 hours or more.

14. Defendant paid Plaintiff a set hourly rate for each hour worked, and Plaintiff was paid biweekly. However, Defendant paid Plaintiff less than one and a half times Plaintiff's regular rate for all hours worked over 40 hours per week, regardless of the number of hours suffered or permitted to work.

15. The FLSA requires Defendant to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff works over 40 hours in a week. Defendant should have paid Plaintiff for 40 hours of regular pay and at least five hours or more of overtime in a typical workweek, but Defendant failed to properly pay the Plaintiff one and a half times Plaintiff's regular rate for the five hours or more of overtime.

16. By failing to pay Plaintiff as described above, Defendant has deprived Plaintiff of a significant amount of regular and overtime compensation to which she is rightfully entitled.

17. On or around September 7, 2021, the DOL, Wage and Hour Division, conducted an investigation into Defendant's pay practices. The investigation determined that Defendant

failed to pay proper overtime compensation, and that Plaintiff was owed unpaid overtime compensation.

**B.     *Defendant Willfully Violated the FLSA.***

18.    The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and DOL regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. Defendant failed to follow these rules when paying Plaintiff.

19.    Defendant had a policy and/or practice of not properly paying its employees for all of the regular time and overtime they worked each week at the proper rate. Defendant should have paid its employees their regular rate for all hours worked, and it should have paid its employees overtime compensation at one and one-half their regular rates for all hours worked in excess of 40 per workweek.

20.    Defendant knew or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

### VI.    COLLECTIVE ACTION ALLEGATIONS

21.    The preceding paragraphs are incorporated by reference.

22.    Plaintiff is aware that Defendant's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class are employed by Defendant as medication nurses who performed the same duties as Plaintiff, as described above. As with Plaintiff, Members of the Class frequently work(ed) substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

23. Upon information and belief, the Members of the class are/were also not properly paid for all hours suffered or permitted to worked, as described above with regard to Plaintiff.

24. Defendant's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at Defendant to pay its employees for less than all of the regular and overtime hours a caregiver is suffered or permitted to work. As such, the Members of the Class are owed additional regular time and overtime compensation for precisely the same reasons as Plaintiff.

25. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly-paid medication nurses who were employed by Defendant during the three-year period preceding the filing of this complaint.**

26. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

27. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII.   CAUSES OF ACTION

28. The preceding paragraphs are incorporated by reference.

29. As set forth above, Defendant violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to provide proper overtime pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207.

30. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked as well as overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

31. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

32. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  29 U.S.C. § 216 (b).

## VIII.   JURY DEMAND

33. Plaintiff demands a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court award her and Members of the Class judgment against Centurion LLC d/b/a Centurion Managed Care of Arizona, LLC for:

1. damages for the full amount of their unpaid wages;

2. damages for the full amount of their unpaid overtime compensation;

3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 8th day of March, 2022              Respectfully submitted,

**BAILEY COWAN HECKAMAN PLLC**

*/s/ Robert W. Cowan*
Robert W. Cowan

Texas Bar No. 24031976
*Admitted Pro Hac Vice*
Four Oaks Place
1360 Post Oak Blvd., Suite 2300
Houston, Texas 77056
713-425-7100 Telephone
713-425-7101 Facsimile
rcowan@bchlaw.com

*Attorneys for Plaintiff*